IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN WATSON, #B85426, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-00416-JPG |
| | ) | |
| ST. CLAIR COUNTY JAIL, | ) | |
| MICHAEL LAZANTE, and | ) | |
| CHARLES JERMANE, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff John Watson, who was an inmate in the Illinois Department of Corrections ("IDOC") and is currently being held at the Beaumont Low Federal Correctional Institution in Beaumont, Texas, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events occurring at the St. Clair County Jail. He is seeking money damages and an order requiring the firing of the officers involved from their positions.[1] (Doc. 1, p. 7).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] The Court construes this as a request for injunctive relief at the close of the case.

1

## The Complaint

Plaintiff makes the following allegations: While in custody at St. Clair County Jail, sometime in the beginning of November 2018, Plaintiff was jumped and severely beaten. (Doc. 1, p. 5). Officer Lazante came and pulled plaintiff out of the cellblock ordering him to face the wall with his hands in the air. *Id.* Due to the severity of his injuries, Plaintiff was unable to comply, and so Lazante struck him in the face breaking his jaw. *Id.* Plaintiff was then taken to medical, where he was told to sit up straight on the examination table. *Id.* He repeatedly told Officer Jermane that he was unable to sit up and could not breath due to his injuries, but Jermane just repeated that he needed to sit up for his examination. *Id.* Words exchanged between Plaintiff and Jermane, and then Jermane struck him in the face. *Id.* After the nurse examined him, Plaintiff was put in an interview room for at least an hour waiting to go to the hospital. St. Clair County Jail did not send for an E.M.T., and instead drove him to the hospital in a squad car handcuffed and shackled. *Id.* At the hospital, the transport officer made him walk into the emergency room, even after Plaintiff told him it was too painful. *Id.* Plaintiff underwent emergency surgery to insert a tube in his lung, which had collapsed and was filling with blood. *Id.* at pp. 5-6. Plaintiff also had several broken ribs. *Id.* at p. 6. It was later determined that the trauma to his face was too severe for the local hospital, and so Plaintiff was transported to the trauma center at St. Louis University Hospital, where he had reconstructive surgery on his face. *Id.* The left side of his face had been crushed damaging his orbital socket, sinus plate, and jaw. *Id.* Plaintiff stayed in the intensive care unit for almost a week, and then remained at the St. Clair County Jail's infirmary for five months. *Id.*

**Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following two Counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by this Court:

**Count 1:** Eighth Amendment claim of excessive force against Lazante and Jermane for physically assaulting Plaintiff resulting in extensive injuries.

**Count 2:** Eighth Amendment claim of deliberate indifference to serious medical needs against the St. Clair County Jail.

**Any claims that are not identified above should be considered dismissed without prejudice as inadequately pled under *Twombly*.[2]**

**Applicable Legal Standard**

Before screening Plaintiff's constitutional claim, the Court must first consider what legal standard applies. The applicable legal standard for Plaintiff's claims depends on his status as a pretrial detainee or convicted prisoner during his detention at the jail. The Eighth Amendment standards for excessive force and medical deliberate indifference are applicable if Plaintiff was a convicted prisoner during the relevant time period. *Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). On the other hand, if Plaintiff was a pretrial detainee, Plaintiff's claim is governed by the Fourteenth Amendment, whether the force used or the medical treatment provided was objectively unreasonable. *Kingsley v. Hendrickson*, 135 S.Ct. 2466 (2015); *Miranda v. Cty Lake*, 900 F.3d 335, 352 (7th Cir. 2018).

The Complaint does not indicate whether Plaintiff was a pretrial detainee or a convicted prisoner at the time the alleged incidents of excessive force and medical indifference occurred.

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

3

Regardless, the Complaint survives screening because the allegations support a constitutional claim under the most stringent of these standards, i.e., the Eighth Amendment. For purposes of this screening order, the Court looks to Eighth Amendment case law. Count 1 survives screening under this standard and the less stringent standards available to detainees. Accordingly, the Court need not resolve Plaintiff's legal status at this time.

**Count 1**

Plaintiff has adequately alleged that Lazante and Jermane subjected him to excessive force. He claims that while severely injured he was struck in the face on two separate occasions with enough force to break his jaw and crush the left side of his face. These allegations are sufficient to survive screening, and Count 1 shall receive further review. *See Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009).

**Count 2**

Plaintiff's claim that St. Clair County Jail was deliberately indifferent to his medical needs must be dismissed for failure to state a claim upon which relief may be granted. Plaintiff has failed to associate this claim with any properly named defendant. A jail is not a "person" under Section 1983. *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Powell v. Cook Cty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993). A defendant must have the legal capacity to be sued. *See* FED. R. CIV. P. 17(b). When determining whether an entity has this capacity, federal courts look to state law. *Magnuson v. Cassarella*, 812 F. Supp. 824, 827 (N.D. Ill. 1992). The county jail is not considered a suable entity under Illinois law. *Isaacs v. St. Clair Cty. Jail*, No. 08-0417-DRH, 2009 WL 211158, at *3-4 (S.D. Ill. Jan. 29, 2009); *Hedger v. Wexford*, No. 18-cv-2081-JPG, 2019 WL 117986, at *2 (S.D. Ill. Jan. 7, 2019). Therefore, St. Clair County Jail will be dismissed with prejudice.

The Complaint does include allegations suggesting that other prison employees displayed deliberate indifference to Plaintiff's serious medical needs. (Doc. 1, p. 5). These individuals, however, are not identified as defendants in the case caption. The Court will not treat parties not listed in the caption as defendants, and any claims against them are dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551-51 (7th Cir. 2005).

For these reasons, Count 2 shall also be dismissed for failure to state a claim upon which relief can be granted.

## Recruitment of Counsel

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff appears to have made reasonable efforts to retain counsel on his own, including with his Complaint copies of money vouchers authorizing the payment for the postage to four different legal offices. (Doc. 3, p. 1; Doc. 1, pp. 8-11). But the Court finds that Plaintiff is competent to litigate this matter without representation at this time. Plaintiff claims that he is unable to represent himself because he has no understanding of the legal process and someone at the law library assisted him in writing the Complaint. He has, however, demonstrated that he has been able to file documents and relay information to the Court. The claims in this case are straightforward and involve factual material that is already available to Plaintiff or can be accessed with relative ease through discovery. Once discovery has commenced, if Plaintiff has significant difficulty, he may refile his motion.

## Disposition

**IT IS ORDERED** that **COUNT 1** shall proceed against **Lazante** and **Jermane** and **COUNT 2** is **DIMISSED** without prejudice.

**IT IS FURTHER ORDERED** that **St. Clair County Jail** is **DIMISSED** with prejudice

5

from the action.  The Clerk of Court is **DIRECTED** to terminate **St. Clair County Jail** as a defendant in the Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS FURTHER ORDERED** that the Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **Lazante** and **Jermane**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if a Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

**IT IS SO ORDERED.**

**DATED: June 24, 2019**

s/J. Phil Gilbert  
**J. PHIL GILBERT**  
**United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.